UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNA M. SHAUT,

                              Plaintiff,

                                                                                    6:14-CV-0910
v.                                                                                  (TJM/TWD)

SECRETARY OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

                              Defendant.
_____

APPEARANCES:

ANNA M. SHAUT
Plaintiff *pro se*
13 Ferris Avenue
Utica, New York 13501


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER

On July 23, 2014, p*ro se* Plaintiff Anna M. Shaut filed a complaint against the United States Department of Health and Human Services ("HHS") seeking judicial review, pursuant to 42 U.S.C. § 1395ff(b), of a May 22, 2014, decision of the Medicare Appeals Council ("Appeals Council"). (Dkt. No. 1.) The complaint and Plaintiff's second application to proceed *in forma pauperis* were sent to the Court for review.[1] (Dkt. Nos. 1 and 2.) The Court granted Plaintiff's second application to proceed *in forma pauperis* in an Order dated October 28, 2014. (Dkt. No. 7.) However, the Court concluded that there was an impediment to going forward with the initial

---

[1] Plaintiff's initial application to proceed *in forma pauperis* (Dkt. No. 2) was denied without prejudice. (Dkt. No. 4.)

review of the Complaint pursuant to 28 U.S.C. § 1915(e). *Id*. at 2-3.

The Appeals Council's decision on which review is sought by Plaintiff affirmed the determination of an administrative law judge ("ALJ"), who had upheld a demand by Medicare on Plaintiff's mother, Medicare beneficiary, Lydia Grzesiak ("Grzesiak"), for repayment of a $29,196.92 Medicare lien. (Dkt. No. 1 at 3, 11-16.) Grzesiak had made the repayment, and she was found to have made no showing that she was entitled to a waiver of recovery under Section 1870(c) of the Social Security Act. *Id*. at 15.

Plaintiff pursued the appeal to the Appeals Council on behalf of Grzesiak. *Id.* at 12. The sole allegation in Plaintiff's Complaint, to which the Notice of Decision of Medicare Appeals Council and Decision are attached, was "We want to be reimbursed the money that was paid to Medicare by my mother." *Id*. at 3. The Complaint did not identify the person or persons constituting "we." *Id*. However, the Court took judicial notice of Grzesiak's obituary, indicating that she died on November 22, 2012, and was survived by a number of children, including Plaintiff.[2] (Dkt. No. 7 at 3 n.2.)

Although Plaintiff has the right to act as her counsel, *see* 28 U.S.C. § 1654 (1982), "[a] person who has not been admitted to the practice of law may not represent anyone other than [herself]." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). Even if Plaintiff had sued as administrator or executor of her mother's estate, she could not have proceeded *pro se* if the estate

---

[2] *See* www.eannacefuneralhome.com/obituaries/Lydia-Grzesiak/Lydia-Grzesiak/#!/Obituary (most recent visit December 18, 2014); *see also Wilson v. Gordon & Wong Law Group, P.C.*, No. 2:13-cv-00609-MCE-KJN, 2013 WL 6858975, 2013 U.S. Dist. LEXIS 180366, at *11-12 (E.D. Cal. Dec. 24, 2013) (taking judicial notice of an obituary appearing in a newspaper); *Magnoni v. Smith & Laquericia*, LLP, 701 F. Supp. 2d 497, 501 (S.D.N.Y. 2010) (court generally has discretion to take judicial notice of internet materials), *aff'd*, 483 F. App'x 613 (2d Cir. 2012).

has beneficiaries or creditors other than her. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). In *Guest*, the Second Circuit held that the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate. *Id*. at 21. Plaintiff did not sue as administrator or executor of Grzesiak's estate in her initial Complaint, nor did she allege that she is the sole beneficiary of her mother's estate and that there are no creditors. To the contrary, Plaintiff alleged that she was pursuing her late mother's Medicare claim, which presumably would be a part of her mother's estate, not only on her own behalf, but on behalf of others as well. (Dkt. No. 1 at 3.)

The Court concluded that based upon the allegations in her initial complaint and Grzesiak's obituary, Plaintiff would have to retain counsel to pursue the claim, thus leaving the Court unable to undertake its initial review. The Court ordered that the action be stayed for ninety days to give Plaintiff time to retain counsel or submit an amended complaint alleging that she is the administrator or executor of her mother's estate, that she is proceeding only on her own as the sole beneficiary, and that her mother's estate has no creditors. (Dkt. No. 7 at 4.) The Court noted in its Order that if there was no appearance by counsel and no amended complaint filed on or before January 26, 2015, it would issue a Report-Recommendation recommending that the complaint be dismissed without prejudice. *Id*.

Plaintiff filed an amended complaint on November 17, 2014.[3] (Dkt. No. 8.) In her

---

[3] In its October 28, 2014, Order (Dkt. No. 7), the Court noted that Plaintiff had mistakenly filed a form *pro se* complaint for use in an action under 42 U.S.C. § 1983 (Dkt. No. 1) but excused the error in light of Plaintiff's *pro se* status. Plaintiff has utilized the same 42 U.S.C. § 1983 form for her Amended Complaint, and the Court again excuses the error. In its October 28, 2014, Order, the Court also noted that Plaintiff had mistakenly named the Department of Health and Human Services rather than the Secretary of the Department of Health and Human Services as Defendant. *See* 42 C.F.R. § 405.1136(d). Plaintiff has corrected the

3

amended complaint, Plaintiff has alleged that she has been working on being reimbursed the money her mother paid medicare out of her settlement from her lawsuit, and she did not hire legal counsel because her personal funds were used to assist her mother after the lawsuit. (*Id*. at ¶¶ 1 and 5.) In a November 12, 2014, letter to the Court submitted with the amended complaint, Plaintiff explained that the "we" in her original complaint was her mother and siblings. (Dkt. No. 8-1.) However, according to Plaintiff, she was her mother's "beneficiary for her social security checks, health care proxy, and caregiver responsible for her financial responsibly (sic)." *Id*. Plaintiff also stated in the letter that "[t]here was no administrator or executor of her estate because she did not have an estate," and that "[s]he did not have creditors or beneficiaries." *Id*.

After reviewing the amended complaint (Dkt. No. 8), the Court finds that it states a claim for judicial review of the Appeals Council decision sufficient to survive initial review under 28 U.S.C. § 1915(e) (2006), and that Plaintiff may proceed *pro se* solely with respect to her own interest, if any, in the return of the repayment.[4] Accordingly, Defendant should be directed to respond to the amended complaint. The Court expresses no opinion regarding whether Plaintiff has standing to pursue judicial review pursuant to 42 U.S.C. § 1395ff(b), or whether Plaintiff's

---

error and named the Secretary of the Department of Health and Human Services as Defendant in her Amended Complaint. (Dkt. No. 8.)

[4] Plaintiff annexed the following documents to her original complaint: (1) July 7, 2014, Notice of Action of Medicare Appeals Council Denying Request to Reopen; (2) Action of Medicare Appeals Council on Request for Review; (3) May 22, 2014, Notice of Decision of Medicare Appeals Council; (4) Procedural History; and (5) May 22, 2014, Decision of Medicare Appeals Council. (Dkt. No. 1 at 5-8, 11-16.) Plaintiff neglected to annex the documents to her amended complaint. (Dkt. No. 8.) Therefore, the Court will order that copies of those pages of plaintiff's original complaint (Dkt. No. 1) designated by the CM/ECF system as pages 5-8 and 11-16 be added to the end of Plaintiff's amended complaint, and that the amended complaint with the additional documents annexed thereto constitute the operative pleading in the case.

claim can withstand a properly filed motion to dismiss or for summary judgment — only that it should survive this initial screening.

**ACCORDINGLY**, it is hereby

**ORDERED** that copies of the documents annexed to plaintiff's original complaint (Dkt. No. 1) at page numbers 5-8 and 11-16, as designated by the CM/ECF system, be added to the end of Plaintiff's amended complaint (Dkt. No. 8), and that the amended complaint with those documents annexed be designated as Plaintiff's amended complaint and filed as the operative pleading in the action; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the amended complaint designated by the Court as the operative pleading and packets containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service: (1) on the Secretary of Health and Human Services by registered or certified mail to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201; (2) on the Attorney General of the United States by registered or certified mail at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and (3) on the United States Attorney for the Northern District of New York, by delivery to the United States Attorney or an assistant United States Attorney or clerical employee whom the United States attorney has designated in a writing filed with the court; and it is further

**ORDERED** that a formal response to Plaintiff's amended complaint be filed by Defendant as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendant; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of the unpublished decision in *Wilson v. Gordon & Wong Law Group, P.C.*, 2013 WL 6858975 (E.D. Cal. Dec. 24, 2013) in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk revise the Civil Docket to identify the Secretary of the Department of Health and Human Services as Defendant; and it is further

**ORDERED** that the Clerk serve a copy of this Order and General Order 25 on Plaintiff; and it is further

**ORDERED** that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk.</u>** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern District.

Dated: December 22, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge


Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. California.
Velma WILSON and Barbara Portal, Plaintiffs,
v.
GORDON & WONG LAW GROUP, P.C., and Does 1 through 100, inclusive, Defendants.

No. 2:13–cv–00609–MCE–KJN.
Dec. 24, 2013.

Gregory Mark Fitzgerald, Seideman Law Firm, PC, Miruna Mihai, The Palmer Firm, P.C., William James Campbell, Seideman Law Firm, P.C, Rancho Cucamonga, CA, for Plaintiffs.

Tomio B. Narita, Christopher Manion Spain, Simmonds & Narita LLP, San Francisco, CA, for Defendants.

**MEMORANDUM AND ORDER**

MORRISON C. ENGLAND, JR., Chief Judge.

**\*1** Through this action, Plaintiffs Velma Wilson and Barbara Portal ("Plaintiffs") seek to recover from Defendant Gordon & Wong Law Group, P.C. ("Defendant"), for violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ.Code § 1788 *et seq.,* violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and fraud. The gravamen of Plaintiffs' complaint is that Defendant improperly attempted to collect on a debt owed by Plaintiffs, and then fraudulently purported to negotiate a settlement of that debt. Compl., Oct. 11, 2013, ECF No. 25.

Presently before the Court is Defendant's Motion to Dismiss ("Motion") Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) [FN1], and for sanctions. Mot., Oct. 25, 2013, ECF No. 26. For the reasons set forth below, Defendant's Motion is granted in part and denied in part. [FN2]

> FN1. All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

> FN2. Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

**BACKGROUND**[FN3]

> FN3. The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Second Amended Complaint. ECF No. 25.

"Sometime during or prior to 2012," Plaintiffs established an account with HSBC ("the account"). Plaintiffs incurred financial obligations on this account, on which they later defaulted. On August 24, 2007, Plaintiffs retained the Palmer Firm, P.C. ("the Palmer Firm") to represent them regarding this debt, and at some point prior to January 6, 2011, Defendant was retained by HSBC to collect from Plaintiffs. On January 6, 2011, the Palmer Firm sent a letter of representation to Defendant, informing Defendant that Plaintiffs were represented by counsel regarding the account, and instructing Defendant to cease its communications with Plaintiffs.

On January 18, 2011, Defendant called the Palmer Firm to discuss the account. According to

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

Defendant, it was willing to settle the account, on which it claimed Plaintiffs owed $2,632.15. However, Defendant also made additional attempts to collect directly from Plaintiffs when, that same day, one of its employees placed a phone call to Plaintiffs, and later, on February 16, 2011, Defendant mailed a collection letter to Plaintiffs.

As a result of these allegedly illegal communications with Plaintiffs, on June 21, 201, the Palmer Firm sent a demand letter to Defendant. Thereafter, Defendant's employee, Mitchell Wong, communicated with the Palmer Firm to attempt to settle the claim against Defendant. From Plaintiffs' perspective, however, Mr. Wong was merely trying "to make it *look like* Defendants wanted to resolve the issues in the demand letter." Compl. at 11 (emphasis added).

On July 27, 2011, Defendant's employee Andrew Ford sent an email to Plaintiffs, agreeing to pay Plaintiffs $1,200.00 to resolve Plaintiffs' claim. Plaintiffs allege that Ford misled Plaintiffs by indicating Defendants would settle the demand for $1200, because Defendants did not in fact provide any money to Plaintiffs. Pursuant to Defendants' request, on August 4, 2011, the Palmer Firm sent a release to Defendants for execution and payment of the settlement amounts. The Palmer Firm continuously followed up with Defendants to get the agreed upon release signed and the settlement paid. On January 27, 2012, Mitchell Wong emailed the Palmer Firm, advising, "I have been out of the office since August due to illness. I will order the checks." Thus, according to Plaintiffs, weeks prior to the expiration of the statute of limitations, Defendant "tricked Plaintiff into believing that the need to expend money to file suit was not necessary because the matter was resolved ." Compl. at 13. However, not only did Plaintiffs never receive a check, but Defendant also never informed Plaintiffs there would be no settlement.

**\*2** On June 11, 2012, Defendant requested a power of attorney, which Plaintiffs provided one month later. After that, Defendant stopped communication with the Palmer Firm altogether.

Plaintiffs thereafter initiated this action in state court. On March 29, 2013, Defendant removed the case to federal court pursuant to this Court's federal question jurisdiction, and filed a Motion to Dismiss pursuant to Rule 12(b)(6). On June 19, 2013, the Court granted Defendant's Motion to Dismiss with leave to amend.

On July 3, 2013, Plaintiffs filed a First Amended Complaint, which Defendant again moved to dismiss. The Court granted Defendant's subsequent Motion to Dismiss, and dismissed that complaint with final leave to amend. On October 11, 2013, Plaintiffs filed the operative Second Amended Complaint, which Defendant now moves to dismiss. Plaintiff filed a timely opposition.

### STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) ... requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n. 3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

**\*3** A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ...." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party ... carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri–Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir.2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989) ("Leave need not be granted where the amendment of the complaint ... constitutes an exercise in futility ....")).

**ANALYSIS**
**A. Motion to Dismiss**

**1. Incorporation of Documents and Requests for Judicial Notice**

Plaintiffs attached numerous documents to the Second Amended Complaint. "If documents are physically attached to the complaint, then a court may consider them if their 'authenticity is not contested' and 'the plaintiff's complaint necessarily relies on them .'" Goodwin v. Executive Tr. Servs., LLC, 680 F.Supp.2d 1244, 1250 (D.Nev.2010) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001). Plaintiffs' Second Amended Complaint relies in large part on the communications between Plaintiffs, Defendant, and Plaintiff's counsel, and Defendant does not contest the authenticity of these documents. Accordingly, the Court may consider the documents attached to Plaintiff's Second Amended Complaint in ruling on the instant Motion.

Additionally, Defendant and Plaintiffs each attach documents to the Motion, Opposition, and Reply. "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir.2002). Indeed, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). However, the Ninth Circuit has held "that documents whose content are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), *overruled on separate grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002).

**\*4** The document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). Consideration of such documents "does 'not convert the motion to dismiss into a motion for summary judgment.' " *Branch,* 14 F.3d at 454 (quoting *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (9th Cir.1991)).

Here, Defendant attaches the Declaration of Tomio B. Narita in Support of Defendant's Motion to Dismiss. Narita Decl., Oct. 25, 2013, ECF No. 26–1. This document may not be considered in deciding the Motion to Dismiss, as the Complaint does not refer to this document at all, and consideration of such a declaration on a motion to dismiss would convert the motion to one for summary judgment. *See Ritchie,* 342 F.3d at 908. This document is therefore not incorporated by reference, and will not be considered by the Court in deciding Defendant's Motion to Dismiss.

Defendant also requests that the Court take judicial notice of an obituary for Jason C. Wilson which was published in the Lodi News–Sentinel from October 28, 2010, through November 4, 2010. RJN, Oct. 25, 2013, ECF No. 26–2. "[Federal Rule of Evidence] 201(b) provides that judicial notice must be "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 458 (9th Cir.1995) (quoting Fed.R.Evid. 201(b)). "[A] court may take judicial notice of information in newspaper articles." *U.S. v. Callum,* 107 F.3d 878, \*2 (9th Cir.1997) (citing *Ritter,* 58 F.3d at 458–59). Other district courts have taken judicial notice that a person is deceased based on an obituary published in a newspaper. *See United States v. Beeman,* 1:10–CV–237–SJM, 2011 WL 3021789 (W.D.Pa. July 22, 2011) ("Based upon the aforementioned April 7, 1997 obituary, this Court will take judicial notice of the fact that Defendant Howard Beeman is, in fact, deceased.) Accordingly, the Court takes judicial notice of Jason Wilson's obituary.

Plaintiffs also attach certain documents to their Opposition. Opp'n at 10–21. First, Plaintiff attaches an email from Andrew Ford to William Campbell, sent on July 27, 2011. *Id.* at 11. This email is already included as part of Plaintiff's Complaint, and therefore the Court need not incorporate it again by reference. Next, Plaintiff attaches emails, also between Andrew Ford to William Campbell, from August 11, 2011, and from August 11, 2011, and August 24, 2011. *Id.* at 13, 21. None of these emails are referenced *at all* in the Complaint, let alone referenced "extensively." *Ritchie,* 342 F.3d at 908. Accordingly, these emails may not be incorporated by reference.

**\*5** Finally, Plaintiff includes a "Settlement Agreement and General Release" between Plaintiff Velma Wilson and Defendant. Opp'n at 15–19. This Settlement Agreement is signed and dated August 22, 2011. Defendant also attaches to its Reply a "Settlement Agreement and General Release" between Jason C. Wilson and Defendant. Reply Ex. A, Dec. 12, 2013, ECF No. 28. Plaintiffs' Complaint references "releases" sent to Defendant on August 4, 2011, and attached to the Complaint is an email from William

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

Campbell to Andrew Ford, stating "I have attached releases for your review ...." Compl. at 47. Additionally, the emails attached to the Complaint, including the email regarding releases sent on August 4, 2011, contain the subject line: "In re: Jason and Velma Wilson." Given these references to the releases in the Complaint and documents attached thereto, the Court finds that the documents titled "Settlement Agreement and General Release" submitted by both Plaintiff and Defendant have been incorporated by reference into the Complaint.

**2. FDCPA Statute of Limitations**

Defendant takes issue with Plaintiffs' FDCPA claim on statute of limitations grounds. The FDCPA states "[a]n action to enforce any liability ... may be brought ... within one year from that date on which the violation occurs." 15 U.S.C. § 1692k(d). "Under Ninth Circuit precedent, the FDCPA limitations period 'begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Huy Thanh Vo v. Nelson & Kennard,* No. CIV. 5–12–2537 LKK/CKD, 2013 WL 1091207, at *3 (E.D.Cal. Mar.15, 2013) (quoting *Mangum v. Action Collection Serv., Inc.,* 575 F.3d 935, 940 (9th Cir.2009)).

As stated in the Court's prior orders, the correspondence allegedly violating the FDCPA was sent on February 16, 2011, and thus Plaintiffs knew of the injury providing the basis for their FDCPA claim on that date. The statute of limitations for this claim therefore expired on February 16, 2012. However, Plaintiffs did not file the instant lawsuit until February 13, 2013. Defendant again argues that, as a result, Plaintiffs' FDCPA claim is time barred and therefore fails as a matter of law. Plaintiffs again contend that equitable tolling applies because Defendant tricked Plaintiffs into letting the statute of limitations expire by telling Plaintiffs that the case was settled when Defendant had no real intention of settling.

The Ninth Circuit has held that equitable tolling is applicable to the FDCPA. *Mangum,* 575 F.3d at 939–40. Equitable tolling is extended "only sparingly" by the courts, and it is generally awarded in two situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Although Plaintiffs have alleged additional facts in an attempt to show that Defendants "tricked" Plaintiffs into letting the deadline expire, the Court again finds equitable tolling unwarranted in this case.

**\*6** As set forth in the Court's prior orders, courts are hesitant to apply equitable tolling in situations in which the plaintiff has the information necessary for the filing of a claim and does not do so as a result of ongoing negotiations with the defendant. *See Souphalith v. Astrue,* No. 06–CV–01410–H (AJB), 2009 WL 35471 (S.D.Cal. Jan.5, 2009) (narrowly applying equitable tolling solely on the basis of defendant's past waiver of the timeliness requirement after settlement negotiations); *Hawaii v. United States,* 173 F.Supp.2d 1063 (D.Haw.2000) (holding equitable tolling inapplicable as defendant's intent to engage in settlement negotiations is not a reasonable justification for plaintiff's delay in bringing suit). Here, although Defendant represented in email communications on July 27, 2011, that the case was settled, and Plaintiffs sent releases to Defendant on August 4, 2011, Defendant never signed the releases and Plaintiff Velma Wilson never received a settlement check. Plaintiffs apparently waited nearly six months without hearing from Defendants regarding the supposed settlement, and yet allowed the deadline to file their instant claims pass. Under these circumstances, Plaintiffs' continued reliance on Defendant's representations of settlement, as well as Plaintiffs' counsel's failure to file action to protect their clients' interests, is unreasonable. Rather than suggesting that Defendant "tricked" Plaintiffs, these facts indicate that Plaintiffs' counsel acted na-

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

ively, and even foolishly, by allowing the filing deadline to pass.

Accordingly, the Court finds that equitable tolling is not applicable in this case, and Defendant's Motion is granted with respect to Plaintiffs' FDCPA claim.

**3. State Law Causes of Action**
Pursuant to 28 U.S.C. § 1367(c)(3), if a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action. 28 U.S.C. § 1367(c)(3); see *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (en banc).

Several factors are considered in determining whether the Court should exercise jurisdiction over the state law claims. These factors include economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims. *Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1309 (9th Cir.1992) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 353, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Although the court is not required to dismiss the supplemental state law claims, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie—Mellon Univ.,* 484 U.S. at 350 n. 7; see also *Schneider v. TRW, Inc.,* 938 F.2d 986, 993–94 (9th Cir.1991).

Here, the *Carnegie–Mellon* factors weigh in favor of remand. Only state law claims remain, and the case has yet to proceed to trial. Judicial economy does not favor continuing to exercise supplemental jurisdiction. Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a sur- er-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**\*7** Plaintiff's state law claims are therefore dismissed without prejudice under 28 U.S.C. § 1367(c).

**B. Request for Sanctions**
The Supreme Court has "reinforced the longstanding principle that courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107–08 (9th Cir.2002) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)) (internal quotation marks omitted). "Significantly, under [the Ninth Circuit's] controlling cases, conduct that is 'tantamount to bad faith' is sanctionable." *Id.* (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). "In sum, 'sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Therefore ... an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, ... are sanctionable under a court's inherent power.' " *Id.* (quoting *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir.2001)). "The imposition of sanctions ... transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's [misbehavior]." *Id.* (quoting *Chambers,* 501 U.S. at 46).

Defendant asserts that Plaintiffs' counsel, William Campbell of the Palmer Firm, fraudulently tried to

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

negotiate a settlement on behalf of Jason Wilson, who had predeceased any alleged violation by Defendant. *Id.* at 22. Defendant also contends, "Plaintiffs counsel was given two separate opportunities to file an amended complaint that addressed the Court's orders, yet counsel insisted on filing the same complaint time and again." *Id.* Thus, Defendant contends that Plaintiffs' counsel knew the case had no merit when it was filed. *Id.*

First, the fact that Plaintiffs were unsuccessful in stating a claim does not indicate that Plaintiffs' counsel acted in bad faith. Although all three complaints filed in this case were similar, Plaintiffs attempted each time to add facts sufficient to show that equitable tolling was warranted. That the Court repeatedly found equitable tolling unwarranted, and that Plaintiffs failed to state a claim, does not demonstrate that Plaintiffs' counsel acted in bad faith.

Indeed, "the granting of a motion to dismiss the complaint for failure to state a claim, or the granting of a summary judgment against the pleader is not dispositive of the issue of sanctions." *Riverbend Ranch Golf Course v. County of Madera,* No. CV–F97–5550 REC/DLB, 2005 WL 3591906, *1 (E.D.Cal. Dec.29, 2005). The Court finds that counsel's conduct in this regard in no way approaches the level of bad faith or recklessness necessary for the Court to impose sanctions. There is no evidence of any misstatements of facts or law by Plaintiffs, nor is there any indication, as in the cases to which Defendants cite, that Plaintiffs asserted their arguments to gain an advantage in other litigation. *See* Mot. at 21 (citing *Fink,* 239 F.3d at 994; *In re Itel Secs. Litig.,* 791 F.3d 672, 675 (9th Cir.1986)). Accordingly, the Court declines to exercise its inherent power to award sanctions for this conduct.

**\*8** Defendant also contends that William Campbell fraudulently attempted to negotiate a settlement on behalf of Jason Wilson, who is deceased. However, Plaintiffs in this case are Velma Wilson and Barbara Portal. Jason Wilson is not listed as a Plaintiff, nor is he mentioned anywhere in the Complaint. His name appears only in the subject line of the emails attached to the Complaint regarding the parties' never-finalized settlement agreement. Plaintiffs do not seek to enforce this settlement agreement as to either Velma Wilson or Jason Wilson. Rather, Plaintiffs cite to those settlement discussions to support their claim that equitable tolling applies to the claims of Velma Wilson and Barbara Portal. Whether Plaintiffs' counsel acted in bad faith in negotiating a settlement which was never finalized is simply not an issue for this Court to decide. The Court declines to act as an arbiter in determining what exactly happened in these settlement negotiations on behalf of Jason Wilson, as they took place well before this action was filed, involve a third party to this case, and do not bear on the merit of Plaintiffs' claims.

In sum, no grounds sufficient to justify sanctions are before the Court. Mr. Campbell's actions have not interfered with the Court's ability "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of [its] cases." *Chambers,* 501 U.S. at 43 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). It is true that the Court's inherent power to sanction "reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings[, but] [r]ather, ... disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987)). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44 (citing *Roadway Express,* 447 U.S. at 764). Here, the Court exercises its restraint and discretion, and Defendant's request for sanctions is denied.

**CONCLUSION**

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2013 WL 6858975 (E.D.Cal.)
**(Cite as: 2013 WL 6858975 (E.D.Cal.))**

For the reasons set forth above, Defendant's Motion to Dismiss and Request for Sanctions, ECF No. 26, is GRANTED IN PART and DENIED IN PART. Specifically:

1. Defendant's Motion to Dismiss is GRANTED and Plaintiffs' FDCPA cause of action is DISMISSED WITH PREJUDICE.

2. The Clerk of the Court is ordered to REMAND Plaintiffs' remaining state law causes of action to the Superior Court of California, County of San Joaquin.

3. Defendant's Request for Sanctions is DENIED.

IT IS SO ORDERED.

E.D.Cal.,2013.
Wilson v. Gordon & Wong Law Group, P.C.
Slip Copy, 2013 WL 6858975 (E.D.Cal.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.