**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------
**ANNA M. SCHAUT,**

                                **Plaintiff,**

    v.

                                **6:14-CV-0910**

**DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES,**

                                **Defendant.**
--------------------------------------
THOMAS J. McAVOY
Senior United States District Judge

## **DECISION AND ORDER**

**I. INTRODUCTION**

Presently before the Court is Defendant United States Department of Health and Human Services' ("HHS") motion to dismiss with prejudice made pursuant to Rules 12 (b)(1) and (b)(6) of the Federal Rules Of Civil Procedure. Dkt. No. 21-1. Specifically, Defendant alleges a lack of standing for *pro se* Plaintiff Anna M. Shaut that deprives the Court of subject matter jurisdiction. Dkt. No. 21-1 at 4-6. It is also alleged that Plaintiff's amended complaint fails to state a claim upon which relief can be granted. Dkt. No. 21-1. at 7-8. For the reasons that follow, the motion will be **GRANTED.**

**II. BACKGROUND**

Plaintiff Anna M. Shaut filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1395ff(b), against the HHS seeking judicial review of a decision made by the Medicare Appeals Council

("Appeals Council"). See Dkt. No. 1. Plaintiff pursued the appeal on behalf of her deceased mother Lydia Grzesiak ("Grzesiak")[1]. Dkt. No. 1 at 12. The Council denied Plaintiff's request to be reimbursed $29,196.92 for money Grzesiak repaid to Medicare. Dkt. No. 7 at 2. The Appeals Council reasoned that Grzesiak had failed to show that the $29,196.92 Medicare lien was unrelated to the injuries from which Grzesiak received her settlement recovery. Dkt. No.1 at 13. Plaintiff also filed a motion to proceed *in forma paupers*. See Dkt. No. 5. Magistrate Judge Thérèse Wiley Dancks granted that motion in an order dated October, 28, 2014. Dkt. No. 7.

Due to defects in Plaintiff's original Complaint, Magistrate Judge Dancks, after initial review, ordered a stay of the action to allow Plaintiff to either retain counsel, or to amend the Complaint alleging that "she is the administrator or executor of her mother's estate, that she is proceeding only on her own as the sole beneficiary, and that her mother's estate has no creditors." Id. at 4. Plaintiff timely filed an Amended Complaint. Dkt. No. 8. Magistrate Judge Dancks again reviewed the Amended Complaint, deciding that the Amended Complaint was "sufficient to survive initial review under 28 U.S.C. §1915 (e)(2006), and that Plaintiff may proceed *pro se* solely with

---

[1] The Court notes Grzesiak's obituary, which indicates that she died on November 22, 2012, and was survived by a number of children, including Plaintiff. Dkt. No. 7 at 3, n.3.

respect *to her own interest*, if any, in the return of the repayment." Dkt. No. 9 at 4 (emphasis added). However, the Court "expresse[d] no opinion" with regard to Plaintiff's standing, or whether the claim could survive a motion to dismiss. Id. at 4-5. Judge Dancks directed Defendant to respond to Plaintiff's amended complaint. Id. at 4.

Defendant subsequently filed the instant motion to dismiss for lack of standing and failure to state a claim. Dkt. No. 21-1. Plaintiff has responded to the motion and later submitted to the Court a copy of "Letters of Administration with Limitations" which has been in effect since April 7, 2015. Dkt. No. 26; Dkt. No. 29. Defendant has replied to the response, as well as to the "Letters of Administration with Limitations." Dkt. No. 27; Dkt. No. 30.

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure Rule 12 (b)(1) permits a defendant to move to dismiss a case by asserting "lack of subject matter jurisdiction." FED. R. CIV. P. 12 (b)(1). Rule 12 (b)(6), on the other hand, allows a defendant to move to dismiss a case due to plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6).

Plaintiff here proceeds *pro se*. The Court gives a *pro se* plaintiff "every favorable inference arising from [her] *pro se* status, as well as from [her] position as a nonmovant on these

motions to dismiss." Craft v. McNulty, 875 F. Supp. 121, 123 (N.D.N.Y. 1995) (quoting Hall v. Dworkin, 829 F. Supp. 1403, 1993 U.S. Dist. LEXIS 10481, *13 (N.D.N.Y. July 27, 1993)). The Supreme Court requires that "*pro se* complaints be more liberally interpreted than those filed by an attorney." Id. (citing Haines v. Kerner, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)).

Further, the Court will consider papers that a *pro se* plaintiff files in opposition to a defendant's motion to dismiss, "as effectively amending the allegations of the . . . [amended] complaint, to the extent that those factual assertions are consistent with the allegations of the . . . complaint." Parks v. Smith, 2009 U.S. Dist. Lexis 87210, *13 (N.D.N.Y Aug. 17, 2009); see Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering plaintiff's response affidavit on motion to dismiss).

Defendant seeks dismissal on two bases. The Court will address each standard in turn.

**A. Lack of Subject Matter Jurisdiction**

A motion to dismiss based on Rule 12(b)(1) will succeed if "the district court lacks the statutory or constitutional power to adjudicate it." McCrory v. Adm'r of the Fed. Emergency Mgmt. Agency of the U.S. Dep't of Homeland Sec., 2015 U.S. App. LEXIS 7077, *1-2 (2d Cir. N.Y. Apr. 29, 2015) (quoting Makarova v.

United States, 201 F.3d 110, 113 (2d Cir. 2000)). "As a threshold inquiry, a federal court must determine that the plaintiff has constitutional Article III standing prior to determining . . . the subsequent merits of the case." Id. at *2. The plaintiff bears the burden to "establish standing to prosecute the action." Gomez v. Graham, 2014 WL 5475348 at *4 (N.D.N.Y. Oct. 29, 2014) (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)).

Three elements must be satisfied to meet the requirement of Article III standing. See Backer v. Shah, 2015 U.S. App. LEXIS 9210, *4-5 (2d Cir. N.Y. June 3, 2015) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, at 560-61 (1992)). First, "the plaintiff must show that [s]he *personally* has suffered an injury that is 'concrete, particularized, and actual or imminent [.]" Gomez, 2014 WL 5475348 at *4 (quoting Clapper v. Amnesty Int'l, 133 S.Ct. 1138, at 1147 (2013) (internal quotation omitted)(emphasis added). Second, the plaintiff must allege a causal connection between the injury and the defendant's conduct. Backer, 2015 U.S. App. LEXIS 9210 at*5. Third, the plaintiff must show a possibility "that the injury will be redressed by a favorable decision." Id.

"Each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required

- 5 -

at the successive stages of the litigation." <u>Carver v. City of New York</u>, 621 F.3d 221, 225 (2d Cir. 2010) (alterations in original) (quoting <u>Lujan</u>, 504 U.S. at 561). Whether the plaintiff has satisfied these requirements should be assessed at the commencement of the lawsuit. <u>Fenstermaker v. Obama</u>, 354 F. App'x 452, at 455 n.1 (2d Cir. 2009) (declining to examine documents defendant sought to submit to demonstrate that he established an attorney-client relationship with a detainee *after* filing his complaint against federal officials, because standing should be determined "as of the commencement of suit") (quoting <u>Lujan</u>, 504 U.S. at 571 n.5). Also, "standing is challenged on the basis of the pleadings." <u>W. R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP</u>, 549 F.3d 100, at 106 (2d Cir. 2008).

**B. Failure to State a Claim**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47(1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964–65.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, at 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, at 570). A plaintiff's complaint is facially plausible when the factual content pleaded allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id.

When assessing the sufficiency of a complaint, particular deference should be given to a *pro se* litigant whose complaint merits a generous construction by the Court when determining whether it states a cognizable cause of action. Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'") (internal quotations omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**IV. DISCUSSION**

Plaintiff's Amended Complaint was submitted to the Court together with a letter to the Court on November 17, 2014. Dkt.

No. 8-1. Plaintiff has also filed four documents in response to Defendant's motion to dismiss. See Dkt. No. 26, 28, 29, 31. The Court considers factual assertions in these papers that do not contradict allegations in the Amended Complaint as effective amendments to the Amended Complaint. See Parks, 2009 U.S. Dist. Lexis 87210, *13.

**A. *Pro Se* Plaintiff's Standing**

Defendant argues that Plaintiff lacks standing to sue. Dkt. No. 21-1 at 4-6.

A plaintiff in federal court has the right to proceed *pro se*. 28 U.S.C. § 1654; Berrios v. N.Y.C. Housing Auth, 564 F.3d 130, 133 (2d Cir. 2009). However, "[a] person who has not been admitted to the practice of law may not represent anyone other than [her]self." Guest v. Hansen, 603 F. 3d 15, 20 (2d Cir. 2010). The Second Circuit held in Pridgen v. Andresen that the administrator of an estate "may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." Weinstein v. Cadman Towers, Inc., 307 Fed. Appx. 529, 530 (2d Cir. 2009)(quoting Pridgen v. Andresen,113 F.3d 391, 393 (2d Cir.1997)). This is so because " personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings[,]" and thus, the case should not be considered the litigant's own. Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir.1998).

In one of her responses to Defendant's motion to dismiss, Plaintiff reiterates that the current action is not "solely with respect to her own interest." Dkt. No. 28 at 1. It can be inferred from the language in her Amended Complaint and responses to the motion that Plaintiff seeks to represent her siblings' interests in the repayment of the Medicare lien. See Dkt. No. 26; Dkt. No. 28; Dkt. No. 31. However, as a non-lawyer, *pro se* Plaintiff is not allowed to represent others' interests, even if they are her family members. See Guest, 603 F. 3d at 20. Plaintiff can only proceed *pro se* if, at the commencement of the suit, (1) she is the sole beneficiary of her mother's estate and there is no creditor to her mother's estate; or (2) she represents her own interest in the repayment. Plaintiff's filings indicate that she cannot meet this standard.

On May 28, 2015, Plaintiff submitted to the Court a copy of "Letters of Administration with Limitations", which is issued on April 7, 2015. Dkt. No. 29 at 2. The letters of administration give Plaintiff power of "the enforcement of a right of action in favor of" Plaintiff's mother and make Plaintiff the administrator of her mother's estate. Dkt. No. 29 at 2. However, this document should not be considered in evaluating Plaintiff's standing in this case, because standing should be evaluated as of the commencement of the law suit, which is on July 23, 2014,

long before Plaintiff procured the letters of administration. See Fenstermaker, 354 F. App'x at 455 n.1 (2d Cir. 2009).

Even if this document is not excluded in the evaluation of standing, Plaintiff still cannot proceed *pro se* as the administrator of her mother's estate. Plaintiff alleges that her mother did not have any creditors. Dkt. No. 8-1. Yet this is not enough to establish standing. Plaintiff's mother died intestate. See Dkt. No. 31 at 1. In New York, children of an intestate decedent are all beneficiaries to the decedent's estate. See N. Y. E.P.T.L. § 4-1.1. Thus, Plaintiff and her siblings are all beneficiaries to her mother's estate. Plaintiff alleges that her siblings all agreed to give her the authority to be their fiduciary and signed a notarized document attesting to that. Dkt. No. 31. at 1. Still, Plaintiff cannot represent her siblings' interests as *a pro se* litigant, even though they give her authorization to do so. See Guest, 603 F. 3d, 20. The only way Plaintiff could proceed *pro se* as the administrator of her mother's estate is for her siblings to disclaim any of their legal interests in their mother's estate, which they have not done. See Id. at 21 (stating plaintiff could proceed *pro se* as the sole beneficiary of the estate of his daughter because plaintiff's wife, previously the other beneficiary of their daughter's estate, disclaimed all her legal rights in their

daughter's estate, and plaintiff affirmed that there was no creditor to their daughter's estate).

Since Plaintiff cannot proceed *pro se* as the administrator of her mother's estate, the Court considers Plaintiff's *pro se* standing "with respect to her own interest, if any, in the return of the repayment" of her deceased mother's Medicare lien. Dkt. No. 9 at 4.

The threshold question is "whether a given matter is the plaintiff's own case, or instead seeks to recover on a claim that belongs to another." Webb v. Comm'r of Soc. Sec., No. 8:08 CV 0082, 2009 WL 3719398, at *3 (N.D.N.Y. Nov. 4, 2009) (citing Iannaccone, 142 F.3d at 558) (internal citation omitted). Plaintiff must have been personally and adversely affected by the Appeals Council's decision regarding repayment of her deceased mother's Medicare lien in order to have standing to bring a lawsuit in this Court. See Gomez, 2014 WL 5475348 at *4; See also Frasier v. U.S. HHS, 779 F. Supp. 213, 223 (N.D.N.Y 1991).

In the case at bar, Plaintiff has failed to satisfy this requirement, as well as the requirements set out in Lujan. In the decision of the Appeals Council that is now being challenged, Plaintiff's deceased mother was listed as the beneficiary. Dkt. No. 1 at 6. This means even if the Appeals Council's decision is to be reversed and the money Plaintiff's

mother paid to Medicare is to be reimbursed, the money will go to Plaintiff's deceased mother's estate, not to Plaintiff herself. Plaintiff did not personally claim any reimbursement from Medicare. Under such circumstances, Plaintiff would be personally and adversely affected by the decision only as a beneficiary of her mother's estate. However, as discussed before, even if Plaintiff is the administrator of her mother's estate, she still cannot proceed *pro se* because there are other beneficiaries (her siblings) to her mother's estate. Authorizations from the other beneficiaries cannot cure this defect.

In proving her own interest in the reimbursement, Plaintiff states that "her personal funds were used to assist her mother after her [initial] lawsuit[,]" and that she spent her "retirement money to care for" her mother. Dkt. No. 8 at 2; Dkt. No. 26 at 1. Plaintiff further states that she was her deceased mother's "beneficiary for her social security checks, health care proxy, and caregiver responsible for her financial responsib[ility]." Dkt. No. 8-1 at 1. These allegations still fail to demonstrate that Plaintiff suffered actual and personal injury because of Defendant's conduct. Plaintiff fails to show that her stated injury–using her own funds to care for her mother and to aid in the law suit–was caused by Defendant's conduct in obtaining repayment on the Medicare lien or by the

Appeals Council's denial of her mother's request for the reimbursement of the money. The Court will lay out a time line to illustrate this point.

Plaintiff's mother was initially hospitalized from January 6, 2010, to January 8, 2010. Dkt. No. 1 at 11. Injuries stemmed from this period lead to aggravated congestive heart failure due to alleged medical malpractice. Id. Plaintiff's mother secured a $75,000 settlement for these injuries. Id. Plaintiff's mother paid the $29,196.92 Medicare lien on April 20, 2012. Id. Plaintiff's mother received her settlement after this date. Dkt. No. 28 at 2. Plaintiff's mother passed away on November, 22, 2012. Dkt. No. 7 at 3.

Plaintiff has not specified during which time period she used her own fund/retirement money to care for her mother. For argument's sake, the Court assumes that before April 20, 2012, when the repayment of the Medicare lien was made, and after January 6, 2010, when Plaintiff's mother was first hospitalized, Plaintiff expended her own funds to care for her mother. Plaintiff's funds spent during this period were not caused by the lien repayment, because the repayment happened *after* Plaintiff expended these funds. Instead, they were likely caused by the underlying malpractice.

The second period is from April, 20, 2012, to November, 22, 2012, when Plaintiff's mother passed away. Plaintiff does not

allege that she expended her own funds during this period. Even if Plaintiff cared for her mother using her own funds during this period, she still fails to offer any evidence suggesting such expenditure was caused by the lien repayment. Plaintiff thus offers no facts suggesting the possibility of a favorable decision.

Plaintiff further alleges emotional distress because of the Appeals Council's decision. Dkt. 28 at 1. Yet this allegation fails the actual injury requirement because other than simply stating that she suffered from emotional distress, Plaintiff offers no factual allegations in support of this claim.

Thus, by failing to show actual injury and casual connection, Plaintiff cannot establish standing to proceed with her claim against Defendant with regard to her own interest. The motion to dismiss will be granted on this ground.

**B. Sufficiency of Complaint**

Defendant also argues that, even if Plaintiff had standing, her claim should be dismissed because it fails to state a claim upon which relief can be granted.

The contents in *pro se* Plaintiff's responses to Defendant's motion to dismiss that do not contradict the Amended Complaint will be considered effective amendments to the Complaint. The Court will therefore also consider such submissions in addition

to the Amended Complaint, in evaluating the sufficiency of pleading.

In deciding whether a secondary payer, like Medicare in this case, is entitled to recovery, the Appeals Council refers to the Medicare Secondary Payer Manual (MSPM) for instruction. Dkt. No. 1 at 14. Chapter 7 of the MSPM provides:

> When a beneficiary has filed suit for accident-related services, including services relating to exacerbation of an underlying condition as the basis for the complaint, the total amount of Medicare's payments should be used to calculate the amount of Medicare's recovery.

Medicare Secondary Payer Manual, CMS Pub. 100-05 Ch.7, section 50.4.5(2014). This MSPM provision is usually read as supporting the conclusion that "all medical expenses related to the injury for which the [Plaintiff's mother] received a settlement are presumptively included in the settlement amount." Dkt. No.1 at 14. Thus, the main issue for the Appeals Council in deciding on Plaintiff's appeal is whether the Medicare lien was related to the injury from which Plaintiff's mother received settlement.

Read liberally, Plaintiff states in the First Cause of Action in the Amended Complaint that she is entitled to reimbursement of the repayment paid to Medicare because the repayment is *not* related to her mother's liability claim. Dkt. No. 8 at 2. However, this is only a conclusory rejection of the Appeal Council's decision--Plaintiff offers no further explanation to support this allegation. Plaintiff simply

restates the element of her cause of action, which is the relation of the pay to the injury. Although detailed factual allegations are not necessary in the pleading stage, Plaintiff still has an obligation to provide the Court with "grounds" of her "entitlement to relief." See Twombly, 127 S.Ct. at 1964-65. Without providing the Court with more facts suggesting that the repayment is not related to her mother's liability claim, Plaintiff leaves the Court with nothing "to draw the reasonable inference" that Appeals Council's decision to deny reimbursement might be wrong. Iqbal, 556 U.S. at 678.

In fact, Plaintiff alleges in one of her responses that she is entitled to the reimbursement because if she is not, her mother would be the one paying for the hospital's mistake. Dkt. No. 28 at 2. This allegation acknowledges that the Medicare lien *is* related to her mother's liability claim. Even though this allegation is in direct contradiction to Plaintiff's Amended Complaint, and thus, should not be considered as part of the complaint, it shows that Plaintiff's conclusory allegation could not be supported by any factual evidence. Other factual allegations in the First Cause of Action, given the inferences necessary in a *pro se* case, also fail to establish a colorable claim.

The Second Cause of Action also fails to state a claim. The cause of action only explains the reason why Plaintiff did not

obtain counsel to proceed with this case and offers no grounds that could plausibly entitle Plaintiff to relief. In the Third Cause of Action, Plaintiff demands that she be reimbursed $29,196.62. The Court agrees with Defendant that this is a demand for relief, not a cause of action, and does not state a claim.

In one of her responses, Plaintiff alleges three additional causes of actions: emotional distress to her mother and her mother's children, medical malpractice, and that "Medicare should be going after the hospital for repayment." Dkt. No. 28 at 1. All of these claims lack substance and are mere conclusory statements, and thus, they will be dismissed. Moreover, these claims actually seek relief that Plaintiff's mother had already obtained. In her responses, Plaintiff also explains the facts concerning the medical malpractice case from which her mother received a settlement. Construed broadly, the allegations in Plaintiff's responses fail to meet the sufficiency requirement set out in Twombly and Iqbal. Thus, even if Plaintiff had standing to sue, the motion to dismiss would be granted for failure to state a claim upon which relief could be granted.

**C. Leave to Amend**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, since the Court has already allowed Plaintiff to amend her complaint once, it is not

required that Plaintiff be given another opportunity to amend. See Excell v. Woods, 2009 U.S. Dist. LEXIS 90191, *37-38 (N.D.N.Y Mar. 12, 2009) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). When the problem with a plaintiff's cause of action is substantive, and better pleading will not cure it, repleading would be futile. Monreal v. New York, 2012 U.S. Dist. LEXIS 91281, *28 (N.D.N.Y June 29, 2012) (quoting Cuoco, 222 F.3d at 112). Here, Plaintiff has already exercised her right to amend once, yet she still fails to offer factual allegations in support of her conclusory ones. Moreover, as the Court has explained, Plaintiff lacks standing to bring this suit and that problem cannot be cured. "[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." Van DeViver v. Bardot, 2009 U.S. Dist. LEXIS 101488, *12-14 (N.D.N.Y. Oct. 30, 2009) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ). "This rule applies even to *pro se* plaintiffs." Id. at *14-15. Plaintiff's complaint will be dismissed with prejudice.

## IV. CONCLUSION

For the above reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules

of Civil Procedure, dkt No. 21, is hereby **GRANTED**. Plaintiff's complaint is dismissed with prejudice.

IT IS SO **ORDERED**.

Dated: July 14, 2015

_____
Thomas J. McAvoy
Senior, U.S. District Judge